```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS


ALLEN DEAN WASHBURN,

                         Plaintiff,

         v.                              CASE NO. 17-3109-SAC-DJW

KAKE 12 NEWS TEAM,

                         Defendant.
```

### NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se and seeks leave to proceed in forma pauperis.

### The motion to proceed in forma pauperis

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

Here, the limited financial information provided shows that plaintiff has no income and that his available balance is less than

$1.00. The court therefore does not impose an initial partial filing fee but advises plaintiff that he remains obligated to pay the $350.00 filing fee.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The complaint alleges that a media news team in Wichita, Kansas, violated plaintiff's rights by making false claims in a story concerning him. Plaintiff alleges damage to his reputation. As relief, he seeks a retraction, an apology, and damages.

In a complaint filed under § 1983, the plaintiff must identify "the violation of the right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007)(citation omitted). A defendant acts "under color of state law" when he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988)(citation omitted).

Therefore, to present a viable claim under § 1983, a plaintiff must allege facts that plausibly show that the conduct of the private individual or entity allegedly causing a constitutional deprivation is "fairly attributable to the state." *Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000)(citations and internal quotation marks omitted). Private conduct alone does not satisfy the requirement that the defendant acted "under color of state law", and when only private conduct is alleged, there is no liability under § 1983. *See Brentwood Acad. v. Tennessee Secondary Athletic Ass'n*, 531 U.S. 288, 294-96 (2001).

Plaintiff's claims against the news team allege only private conduct, and there is no showing that the defendant acted under color of state law or that the conduct was attributable to the state. Accordingly, this matter is subject to dismissal for failure to state a claim for relief.

Plaintiff also moves for the appointment of counsel. As a party in a civil action, he has no constitutional right to counsel. *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The court, in its discretion, may appoint counsel for an indigent plaintiff, *see* 28 U.S.C. § 1915(e)(1), and must consider the merits of the claims, the nature of the issues presented, the party's ability to present the claims, and the complexity of the legal issues involved. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Because the court finds that plaintiff has not stated a claim for relief, the motion will be denied.

### Order to Show Cause

The court directs plaintiff to show cause to the Honorable Sam A. Crow why this matter should not be dismissed due to the failure

to allege action under color of state law. The failure to file a written, specific objection waives de novo review of the matter by the District Judge, see *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985) and also waives appellate review of factual and legal issues. *Makin v. Col. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999).

    IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including August 18, 2017 to show cause to the Honorable Sam A. Crow why this matter should not be dismissed due to plaintiff's failure to exhaust administrative remedies.

    IT IS FURTHER ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. #2) is granted. Plaintiff remains obligated to pay the $350.00 filing fee.

    IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. #3) is denied.

    A copy of this order shall be transmitted to plaintiff.

    **IT IS SO ORDERED.**

    DATED:  This 18th day of July, 2017, at Kansas City, Kansas.

                                      s/ David J. Waxse
                                      DAVID J. WAXSE
                                      U.S. Magistrate Judge